IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**INMAN CONSTRUCTION CORP.**                                     **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 4:06CV169-P-B**

**SOUTHERN PILOT INSURANCE COMPANY,
MICHIGAN MUTUAL INSURANCE COMPANY,
TRAVELERS PROPERTY CASUALTY,
TRANSCONTINENTAL INSURANCE COMPANY,
VALLEY FORGE INSURANCE COMPANY,
LEGION INSURANCE COMPANY, UNITED
STATES FIDELITY & GUARANTY COMPANY,
THE ST. PAUL COMPANIES, INC. and ST. PAUL
FIRE & MARINE INSURANCE COMPANY**         **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court on the plaintiff's Motion to Remand [15]. The Court, having reviewed the motions, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Inman Construction Company filed a complaint in the Chancery Court of Leflore County on August 31, 2006. The complaint sought declaratory judgment against numerous insurance companies with regard to the insurers' duty to indemnify and/or defend Inman against claims of faulty workmanship arising out of the construction of a new administration building at Mississippi Valley State University (hereafter "MVSU"), otherwise denominated as Project # GS 106-149 based on insurance policies issued to certain subcontractor's on the MVSU project.

Subsequent to service of the summons and complaint, defendants The St. Paul Travelers Companies, Inc., Travelers Property Casualty Corporation, St. Paul Fire and Marine Insurance Company, and United States Fidelity & Guaranty Company filed a Notice of Removal with the United States District Court for the Northern District of Mississippi on October 10, 2006 which invoked this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.. Defendants Southern Pilot Insurance Company, Michigan Mutual Insurance Company, Transcontinental Insurance Company and Valley Forge Insurance Company acquiesced in the removal by way of joinder filed at the time of the removal petition. Only Legion Insurance Company (hereafter "Legion") failed to join in the removal; the removal petition asserted that Legion's failure to do so was of no consequence because it was merely a nominal party by virtue of its status as an insolvent as evidenced by pending liquidation proceedings in the State of Pennsylvania.

Inman responded by filing a Motion to Remand based the failure of all defendants to join in the removal petition. The defendants responded by reiterating the position set forth in the Notice of Removal as well as additional arguments tending to establish the impropriety of Legion's joinder as a party defendant. The motion has been fully briefed and is ripe for decision.

LEGAL ANALYSIS

Generally, all defendants must join in a notice of removal unless the non-joining defendant has not been served with process at the time the removal petition is filed, the non-joining defendant is merely a nominal or formal party, or the removed claim is a separate and independent claim under 28 U.S.C. § 1441©). <u>Moody v. Commercial Ins. Co. of Newark, New Jersey</u>, 753 F. Supp. 198, 199 (N.D. Tex. 1990). In order to show that a nonremoving party is nominal, "the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action

2

against the non-removing defendants in state court." Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 871 (5th Cir. 1991) (citations omitted). In other words, the test "is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." Id. (quoting Tri-City Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325 (5th Cir. 1970)). "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court." Farias, 925 F.2d at 872.

As indicated supra, the sole basis for Inman's motion to remand is an alleged defect in the removal procedure, e.g., Legion's failure to join in the removal,. The removing defendants' response asserts that Legion is a mere nominal party, and as such it is not required to join in the notice of removal. They advance three arguments in support of their position: 1) Legion's insolvency, evidenced by pending liquidation proceedings in Pennsylvania; 2) Inman's failure to assert a claim against Legion in the time and manner established by the Order of Liquidation is a procedural bar to the present action; and 3) affidavit testimony to the effect that Legion did not issue the policies in question demonstrates unequivocally that Inman has no reasonable possibility of recovery against Legion. The first argument is dispositive.

Decisions from numerous jurisdictions, including Mississippi, recognize that parties which are in liquidation and have no assets when litigation against them is commenced are nominal parties which need not join in a notice of removal filed by another defendant. Wallis v. Southern Silo Co., 369 F. Supp. 92, 96 (N.D. Miss. 1973). See also Stuckey v. Illinois Central R.R. Co., No. 2:96CV47-B-A, 1996 WL 407247 (N.D. Miss. June 5, 1996). Legion went into liquidation, and the

Director of Insurance for the State of Pennsylvania took control of all its assets more than three years prior to the commencement of the present litigation. Therefore, Legion fits the definition of a nominal party and did not have to join in removal. Inman's motion is not well-taken and should be denied.

## CONCLUSION

Based on the foregoing facts and analysis, the Court finds that plaintiff's Motion to Remand is not well-taken and should be denied. An order will issue accordingly.

This, the 5th day of June, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE